■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON DAWKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 14, 1986, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was present in an apartment when the police executed a search warrant for that location, which was the purported site of an on-going illicit narcotics operation. When the police first entered the apartment, the defendant was observed in close proximity to scales, strainers, and tinfoil packages. He was immediately arrested and a subsequent search of his person revealed four tinfoil packages, containing what appeared to be cocaine. The police subsequently discovered weapons and narcotics in the apartment. The defendant was acquitted of all of the charges relating to the physical evidence found in the apartment; his conviction was based solely on his possession of the four tinfoil packages of cocaine which were found on his person.

In light of the defendant's inability to establish a "legitimate expectation of privacy" *(People v Wesley,* 73 NY2d 351, 359-360) in the apartment, the hearing court properly determined that he did not have standing to contest the issuance of the search warrant *(see, People v Rodriguez,* 69 NY2d 159, 163, 165; *People v Ponder,* 54 NY2d 160, 166). Further, the hearing court properly determined that there existed independent probable cause to arrest the defendant based upon his proximity to the drug packaging material *(see,* Penal Law § 220.50 [2]). Accordingly, the defendant was not entitled to suppression of the contraband recovered from his person upon his arrest.

In addition, we find that the defendant was not deprived of a fair trial by the prosecution's use of evidence of alleged uncharged crimes, because that evidence related solely to the

charges upon which the defendant was acquitted. Mangano, P. J., Lawrence, Eiber and Balletta, JJ., concur.